IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMOS SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-142-SMY-PMF |
| ) | |
| RICHARD WATSON. et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion to dismiss for failure to exhaust administrative remedies (Doc. No. 26). Plaintiff Ramos Sanders is challenging the conditions of his former confinement at the St. Clair County Jail, alleging in Count 1 that he was deprived of a sanitary living environment, adequate nutrition, hygiene supplies, and exercise opportunities. In Count 2, he alleges that he developed a bacterial stomach infection after consuming contaminated food prepared in an unsanitary kitchen. The motion seeks judgment on the defendants' affirmative defense of failure to exhaust administrative remedies. The motion is opposed (Doc. No. 28). An evidentiary hearing was held on April 19, 2016. At the hearing, the Court obtained information to assess credibility and make findings regarding the administrative remedy procedures available to Sanders at the St. Clair County Jail as well as his efforts to comply with those procedures. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Detainees who wish to challenge aspects of their jail confinement are required to exhaust available administrative remedies before turning to the Court for a remedy. 42 U.S.C. §1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Failure to exhaust is an affirmative defense that must be proved by the defendants. *Pavey v. Conley*, 544 F.3d

739, 740-41 (7th Cir. 2008). The St. Clair County jail's procedural rules establish the contours of the requirement. See *Jones v. Bock*, 549 U.S. 199, 218 (2007). In other words, in order to exhaust, a detainee must file a grievance and appeal in the place and at the time the jail's rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Grievances are intended to give jail administrators an opportunity to address a concern. *Jones*, 549 U.S. at 218.

The grievance procedure at the St. Clair County jail is best understood as a 3-step process.[1] Before initiating the formal grievance process, the detainee must provide the Captain with a "Captain's Request." This is done using a form entitled "St. Clair County Sheriff's Department Request – Complaint Form." These forms have four sections for the detainee to describe his request and for the officer, supervisor, and administrator to describe their actions (Doc. No. 26-4, pp. 1-5). If the request or complaint is not resolved via a Captain's Request, the detainee has the option to submit a formal grievance to the on-duty shift supervisor. The formal grievance is processed through 2 stages, finally resolved by the jail superintendent (Doc. No. 26-2, p. 2).

Sanders was detained at the St. Clair County Jail between December, 2011, and January, 2014. The jail maintains grievance records, which have been submitted and reviewed.

---

[1] A handbook describing "Detainee Rules and Regulations" refers to Step 1 and Step 2. A note clarifies that there is a mandatory preliminary step (Doc. No. 26-2, p. 2). Hence, in practical terms, there are 3 steps in the administrative remedy process.

In January, 2013, Sanders submitted two Captain's Requests to an officer. Sanders' concerns at that time did not pertain to the claims in Count 1 or Count 2 (Doc. No. 26-4, p. 2-3).

In February, 2013, Sanders submitted another Captain's Request to an officer. Sanders' concern at that time did not pertain to the claims in Count 1 or Count 2 (Doc. No. 26-4, p. 1).

In May, 2013, Sanders submitted another Captain's Request to an officer. Sanders' concern at that time did not pertain to the claims in Count 1 or Count 2 (Doc. No. 26-4, p. 5).

In July, 2013, Sanders submitted a Captain's Request to an officer. Sanders' concern at that time did not pertain to the claims in Count 1 or Count 2 (Doc. No. 26-4, p. 4).

In his response and at the evidentiary hearing, Sanders took the position that the jail's records are incomplete. He says he prepared more Captains Requests than the 4 that were located in the Sheriff's Department's records. As to Count 1, Sanders testified that he joined other inmates in preparing a Captains Request regarding concerns about unpleasant living conditions and access to recreation. He said he discussed his concerns with a Major and received some assurance that recreation would be provided soon. He heard nothing further. Sanders offered no documents lending support to this testimony and could offer only an approximate filing period. As to Count 2, Sanders testified that he submitted a Captains Request between November 4 and 14, 2013, expressing concern about contaminated food. He said he discussed his concerns verbally with a Major, who agreed to check the bacteria situation in the kitchen. Again, Sanders offered no

supporting documentation. Because Sanders did not anticipate that the Major could personally clean up the kitchen, he took no further steps until he arrived at the Illinois Department of Corrections (Doc. No. 28, p. 5). He explained that some of the delay was due to distractions from the criminal proceedings brought against him. He also testified that he never saw a grievance form and never received a copy of the detainee handbook.

Portions of Sanders' testimony were credible, such as his statement that he was distracted by concerns developing in his criminal case and that he did not expect the Major to resolve his issue by cleaning up bacteria in the kitchen. Other portions were not particularly credible, such as his statement that he did not receive a copy of the detainee handbook or that he never saw (and therefore lacked access) to formal grievance forms. The persuasive evidence shows that Sanders did not follow all steps in the jail's administrative remedy procedure. The defendants have satisfied their burden of proof on their affirmative defense.

IT IS RECOMMENDED that defendants' motion to dismiss for failure to exhaust administrative remedies (Doc. No. 26) be GRANTED. Counts 1 and 2 should be dismissed without prejudice for failure to exhaust administrative remedies. If this recommendation is adopted, no claims will remain for a decision.

**SUBMITTED: April 26, 2016**

 s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**